IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTOLDO B.F.,<br><br>      Petitioner,<br><br>  vs.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br><br>      Respondents. | Civil No. 1:26-cv-03634-MWJS<br>ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 222-561-711 |

## ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART

Petitioner Bertoldo B.F.[1] entered the United States without inspection more than twenty-five years ago.  Dkt. No. 8, at pg. 5.  In February 2026, he was arrested by immigration officers.  *Id.* at pg. 7.  Although he has not been found to be a danger to the community or a flight risk at a bond hearing, he has been held in immigration detention ever since his arrest.[2]  *Id.* at pgs. 8–9.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

[2]     An immigration judge denied Petitioner's request for a custody redetermination after concluding that he lacked jurisdiction to consider the request.  Dkt. No. 8, at pg. 8.

Petitioner now invokes this court's habeas jurisdiction.  In a first amended petition for writ of habeas corpus under 28 U.S.C. § 2241, he contends, among other things, that because he is not subject to mandatory detention under 8 U.S.C. § 1225(b), he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *Id.* at pg. 10–11.  Petitioner seeks an order granting either his immediate release or, "a bond hearing under 8 U.S.C. § 1226(a) within seven . . . days."  *Id.* at pg. 13.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior cases such as the ones listed above."  Dkt. No. 9.  The court appreciates Respondents' timely and candid response.  Dkt. No. 10.  Although Respondents maintain that Petitioner's

2

detention is lawful, they acknowledge that this "matter is not substantively

distinguishable from the prior orders referenced by the [c]ourt."  *Id.* at pg. 1.

Respondents do not request a hearing, they do not intend to submit further briefing,

and they agree that the court can rule on the current record and pleadings.  *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that

the first amended petition for writ of habeas corpus, Dkt. No. 8, is GRANTED in part, to

the extent Petitioner contends in Claim 1 that he is entitled by statute to a bond hearing.

Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner

unless they demonstrate, within seven days of the date of this order, that Petitioner has

received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C.

§ 1226(a) and its implementing regulations.  Respondents shall file a status report

within ten days of the date of this order, confirming whether a bond hearing has been

held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status

report must include a copy of the immigration judge's decision or an explanation of

why the decision is not available.

//

//

//

//

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 4, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03634-MWJS; *Bertoldo B.F. v. Warden, California City Immigration Processing Center*, et al.; ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART